UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ANDRE NICHOLS, and DANIEL
MORAES,

                      Plaintiffs,

     - against -

MICHAEL T. MAHONEY, EMC CONTRACTING
INC., EMC NEW YORK CONTRACTING, and
EMC of NEW YORK, INC.,

                      Defendants.
-----------------------------------------------------------X

Docket No. 08-CV-3306 (CM) (DCF)

**RICO CASE STATEMENT**

       Plaintiffs, appearing by their attorneys, O'Dwyer & Bernstien, LLP, as and for their RICO Case Statement pursuant to the order of the Hon. Colleen McMahon, allege as follows upon information and belief, unless otherwise indicated:

       1.     The unlawful conduct alleged in the Complaint is in violation of 18 U.S.C. §§ 1962(c) and (d).

       2.     The following defendants are alleged to have engaged in the following misconduct as set forth below:

| Defendant | Misconduct |
|---|---|
| Michael T. Mahoney | Violations of 28 U.S.C. § 1962(c) by conducting and/or participating, directly and/or indirectly, in the conduct of the enterprise's (EMC) affairs by knowingly hiring a workforce substantially comprised of illegal workers, in violation of Section 274 of the Immigration and Nationality Act, for the express purpose of depressing the wages of all its workers in order to increase his profits (hereinafter "the Illegal Alien Hiring Scheme"). 18 U.S.C. § 1961(1)(F); 8 U.S.C. § 1324(a)(3)(A) |
| | Violations of 28 U.S.C. § 1962(c) by conducting and/or participating, directly and/or indirectly, in the conduct of the association-in-fact enterprise's (EMC, Mahoney, and American Latin) affairs by knowingly hiring a workforce substantially comprised of illegal workers, in violation of Section 274 of the |

|  |  |
|---|---|
|  | Immigration and Nationality Act, for the express purpose of depressing the wages of all its workers in order to increase his profits. 18 U.S.C. § 1961(1)(F); 8 U.S.C. § 1324(a)(3)(A) |
|  | Violations of 18 U.S.C. § 1962(d) by conducting and participating, directly and indirectly, in the affairs of the enterprises, by aiding and abetting the commission of each violation of the Immigration and Nationality Act in order to increase his profits. 18 U.S.C. § 1961(1)(F); 8 U.S.C. § 1324(a)(3)(A) |
| EMC Contracting, Inc. | Violations of 28 U.S.C. § 1962(c) by conducting and/or participating, directly and/or indirectly, in the conduct of the association-in-fact enterprise's (EMC, Mahoney, and American Latin) affairs by knowingly hiring a workforce substantially comprised of illegal workers, in violation of Section 274 of the Immigration and Nationality Act, for the express purpose of depressing the wages of all its workers in order to increase its profits. 18 U.S.C. § 1961(1)(F); 8 U.S.C. § 1324(a)(3)(A) |
|  | Violations of 18 U.S.C. § 1962(d) by conducting and participating, directly and indirectly, in the affairs of the enterprises, by aiding and abetting the commission of each violation of the Immigration and Nationality Act in order to increase its profits. 18 U.S.C. § 1961(1)(F); 8 U.S.C. § 1324(a)(3)(A) |
| EMC New York Contracting | Violations of 28 U.S.C. § 1962(c) by conducting and/or participating, directly and/or indirectly, in the conduct of the association-in-fact enterprise's (EMC, Mahoney, and American Latin) affairs by knowingly hiring a workforce substantially comprised of illegal workers, in violation of Section 274 of the Immigration and Nationality Act, for the express purpose of depressing the wages of all its workers in order to increase its profits. 18 U.S.C. § 1961(1)(F); 8 U.S.C. § 1324(a)(3)(A) |
|  | Violations of 18 U.S.C. § 1962(d) by conducting and participating, directly and indirectly, in the affairs of the enterprises, by aiding and abetting the commission of each violation of the Immigration and Nationality Act in order to increase its profits. 18 U.S.C. § 1961(1)(F); 8 U.S.C. § 1324(a)(3)(A) |
| EMC of New York, Inc. | Violations of 28 U.S.C. § 1962(c) by conducting and/or participating, directly and/or indirectly, in the conduct of the association-in-fact enterprise's (EMC, Mahoney, and American Latin) affairs by knowingly hiring a workforce substantially comprised of illegal workers, in violation of Section 274 of the Immigration and Nationality Act, for the express purpose of |

depressing the wages of all its workers in order to increase its profits. 18 U.S.C. § 1961(1)(F); 8 U.S.C. § 1324(a)(3)(A)

Violations of 18 U.S.C. § 1962(d) by conducting and participating, directly and indirectly, in the affairs of the enterprises, by aiding and abetting the commission of each violation of the Immigration and Nationality Act in order to increase its profits. 18 U.S.C. § 1961(1)(F); 8 U.S.C. § 1324(a)(3)(A)

3.  The alleged victims and their alleged injuries are as follows:

| Victim | Injury |
| --- | --- |
| Andre Nichols | Injuries suffered are depressed wages as a result of defendants' participation in the Illegal Alien Hiring Scheme, in which they hired a workforce substantially comprised of workers not authorized to work in the U.S. |
| Daniel Moraes | Injuries suffered are depressed wages as a result of defendants' participation in the Illegal Alien Hiring Scheme, in which they hired a workforce substantially comprised of workers not authorized to work in the U.S. |

4.  Plaintiffs allege they are the victims of a scheme (referred to herein and in the Complaint as the Illegal Alien Hiring Scheme) perpetrated by defendants Mahoney and EMC Contracting, Inc., EMC New York Contracting, and EMC of New York, Inc. (collectively referred to as EMC), to depress the wages paid to its employees, including plaintiffs, by knowingly hiring a workforce substantially comprised of illegal workers, in violation of Section 274(a)(3)(A) of the Immigration and Nationality Act.

Plaintiffs allege that EMC attempted to gain competitive advantage over law abiding employers by intentionally hiring a workforce that is substantially comprised of illegal immigrants who are not authorized to work in the U.S. Defendants hired these workers knowing they do not have legal papers allowing them to work in the U.S. Pursuant to the Immigration Reform and Control Act, 8 U.S.C. § 1324 *et seq.*, as employers, they are required to complete I-9 forms (otherwise known as "Employment Eligibility Verification Form") verifying, under

3

penalty of perjury, that they have examined certain documents provided by each employee which establishes that employee's eligibility for employment in the U.S. Defendants routinely did not even ask to see the necessary documents that would establish employment eligibility. Defendants also turned a blind eye when employees presented false documents as proof of employment eligibility. Defendants flouted the law precisely because they knew or had reason to know that the majority of the workers they hired were illegal.

On several occasions, EMC shut down job sites because they were in fear of raids by the INS. Defendants also held meetings, in which defendant Mahoney was present, advising their workers of an attorney they knew who could get them legal work papers if they paid the attorney several thousand dollars.

Defendants engaged in the Illegal Alien Hiring Scheme because by employing large numbers of illegal workers, they had access to a large supply of ready labor that was more likely to accept lower wages and no benefits, and powerless to report abuses and dangerous working conditions. By unlawfully expanding the available labor pool, defendants EMC depressed the wages of all its workers, including those like plaintiffs, who are legally authorized to work in the U.S. This allowed them to reduce their labor costs. Reducing their labor costs allowed them to make bigger profits and/or obtain jobs at lower costs than their law abiding competitors.

Plaintiffs' first RICO claim alleges that defendant Michael Mahoney engaged in a pattern of racketeering activity by conducting and/or participating, directly and/or indirectly, in the affairs of defendants EMC by knowingly hiring or directing others to hire a workforce substantially comprised of illegal workers, in violation of Section 274 of the Immigration and Nationality Act, for the express purpose of depressing the wages of all its workers in order to

increase their profits. The scheme perpetrated by the defendants is referred to as the Illegal Alien Hiring Scheme, and is more fully detailed above.

The predicate acts committed by defendant Mahoney are the repeated violations of Section 274(a)(3)(A) of the Immigration and Nationality Act, which provides that "[a]ny person who, during any 12-month period, knowingly hires for employment at least 10 individuals with actual knowledge that the individuals are aliens . . . shall be fined under title 18, United States Code, or imprisoned for not more than 5 years, or both." 8 U.S.C. § 1324(a)(3)(A). Pursuant to 18 U.S.C. § 1961(1)(F), "any act which is indictable under the Immigration and Nationality Act, section 274 . . . " is racketeering activity.

Mahoney's repeated violations of the Immigration and Nationality Act form a "pattern of racketeering activity" in that upon information and belief, he has knowingly hired for employment at least 10 individuals with actual knowledge that they were aliens, each year since 2004.

Plaintiffs' second RICO claim alleges that defendants Mahoney and EMC engaged in a pattern of racketeering activity by conducting and/or participating, directly and/or indirectly, in the affairs of an association-in-fact enterprise by knowingly engaging in the Illegal Alien Hiring Scheme, in violation of Section 274 of the Immigration and Nationality Act, for the express purpose of depressing the wages of all its workers in order to increase their profits.

The predicate acts committed by defendants Mahoney and EMC are the repeated violations of Section 274(a)(3)(A) of the Immigration and Nationality Act.

Mahoney's and EMC's repeated violations of the Immigration and Nationality Act form a "pattern of racketeering activity" in that upon information and belief, defendants have knowingly

5

hired for employment at least 10 individuals with actual knowledge that they were aliens, each year since 2004.

Plaintiffs' third RICO claim alleges that upon information and belief, since 2004, defendants Mahoney and EMC unlawfully and willfully combined, conspired, confederated, and agreed between and among each other and with American Latin (which is not a defendant), to violate 18 U.S.C. § 1962(c) by engaging and participating in the Illegal Alien Hiring Scheme in violation of Section 274(a)(3)(A) of the Immigration and Nationality Act.  18 U.S.C. § 1962(d); 18 U.S.C. § 1962(c); 8 U.S.C. § 1324(a)(3)(A); 18 U.S.C. § 1961(1)(F).

Each defendant aided and abetted the commission of each violation of the Immigration and Nationality Act.  The predicate acts committed by defendants Mahoney and EMC are the repeated violations of Section 274(a)(3)(A) of the Immigration and Nationality Act, for the express purpose of depressing the wages of all its workers in order to increase their profits.

Mahoney's and EMC's repeated violations of the Immigration and Nationality Act form a "pattern of racketeering activity" in that upon information and belief, defendants have knowingly hired for employment at least 10 individuals with actual knowledge that they were aliens, each year since 2004.

Plaintiffs allege that defendants used the mail and/or wires to further the Illegal Alien Hiring Scheme.  They do not allege violations of the mail and/or wire fraud statutes as predicate acts.

     5.    Plaintiffs allege two different enterprises:

<u>EMC Enterprise</u>

The first enterprise is constituted by defendants EMC.  Defendants EMC are in the legitimate business of being contractors in the construction industry.  As contractors or

subcontractors, they compete for construction jobs by submitting bids to developers and/or general contractors. If their bid is accepted, they are paid to perform the work agreed upon using workers they hire. Defendant EMC Contracting, Inc. is a New York State corporation doing business in the New York City area. Defendant EMC New York Contracting is an unincorporated business entity controlled by defendant Mahoney, doing business in the New York City area. Defendant EMC of New York, Inc. is a New York State corporation doing business in the New York City area. These EMC entities are joint or single employers, or alternatively, alter egos. The EMC entities use the different names interchangeably, use the same addresses, and maintain the same workforce.

Defendant Mahoney is the President and/or owner of defendants EMC. As President of EMC, Mahoney is personally involved in and directs all aspects of the EMC enterprise, including the operation and management of the enterprise, itself, including the hiring of its workers. Defendant Mahoney, as owner and officer of defendants EMC, is distinct from the EMC enterprise itself. Mahoney is associated with the EMC enterprise, whose activities affect interstate commerce. Mahoney conducts and/or participates in the EMC enterprise's affairs by engaging in the Illegal Alien Hiring Scheme.

Association-in-Fact Enterprise

The second enterprise is an association-in-fact enterprise comprised of EMC, Mahoney, and American Latin Services Enterprises, Corp. ("American Latin"). American Latin is not a defendant is this action. In 2007, defendants EMC began a business relationship with American Latin, in which American Latin provided EMC with a pool of illegal workers to work on EMC job sites.

American Latin knew or had reason to know that the workers they provided to EMC were not authorized to work in the U.S. EMC knew or had reason to know that the workers provided by American Latin were not authorized to work in the U.S.

The workers take direction from EMC's foremen and supervisors, but are paid by American Latin. American Latin receives a fee for each worker provided to EMC. As President and an officer of EMC, Mahoney negotiated and entered into the business agreement with American Latin. EMC, Mahoney, and American Latin all share the common purpose of obtaining illegal workers for employment by EMC, and acquiring a workforce substantially comprised of such illegal workers. EMC and Mahoney are members of the association-in-fact enterprise. EMC and Mahoney conduct and/or participate in the association-in-fact enterprise's affairs by engaging in the Illegal Alien Hiring Scheme.

6. As discussed above, the EMC enterprise is a contractor in the construction industry. However, part of the affairs of the EMC enterprise is engaging in the Illegal Alien Hiring Scheme. The EMC enterprise's hiring of 10 or more illegal workers since 2004 with the scheme to depress the wages of their entire workforce does not fully comprise the usual and daily activities of the EMC enterprise.

The activities of the association-in-fact enterprise was to obtain a pool of illegal workers to work on EMC job sites. Plaintiffs, at this time, do not have sufficient information to determine whether there was any aspect of the association-in-fact enterprise that differed from the pattern of racketeering activity; that is, whether American Latin's involvement with EMC and Mahoney served any purpose other than supplying EMC with illegal workers.

7. The enterprises affect interstate commerce in that the monies, supplies, equipment, and the illegal workers themselves, traveled within interstate commerce.

8.     Not applicable.

9.     Not applicable.

10.    As to the EMC enterprise, defendant Mahoney is a "person" distinct from the enterprise itself. As President and an officer of EMC, Mahoney is associated with the EMC enterprise.

As to the association-in-fact enterprise, Mahoney, EMC, and American Latin are associated in fact but are not a legal entity. They are, however, associated together for a common purpose.

11.    Plaintiffs' third cause of action alleges a violation of 18 U.S.C. § 1962(d), in that since 2004, defendants Mahoney and EMC unlawfully and willfully combined, conspired, confederated, and agreed between and among each other and with American Latin to violate 18 U.S.C. § 1962(c) by engaging and participating in the Illegal Alien Hiring Scheme in violation of Section 274(a)(3)(A) of the Immigration and Nationality Act. 18 U.S.C. § 1962(d); 18 U.S.C. § 1962(c); 8 U.S.C. § 1324(a)(3)(A); 18 U.S.C. § 1961(1)(F).

Mahoney and EMC conspired with each other and American Latin to hire a workforce substantially comprised of illegal workers. They conspired to (a) hire workers they knew or had reason to know were not eligible to work in the U.S.; (b) violate the I-9 requirements by failing to verify worker's employment eligibility and/or accepting false documents; and (c) to accept the workers American Latin provided them knowing or having reason to know that the workers were not authorized to work in the U.S.

12.    By reason of defendants' RICO violations, plaintiffs have been injured in

their property. They were paid depressed wages as a direct result of defendants' Illegal Alien Hiring Scheme. Plaintiffs were the intended and direct victims of the scheme and their injuries of depressed wages were intended and foreseeable.

13. By engaging in the Illegal Alien Hiring Scheme by knowingly hiring for employment at least 10 individuals each year since 2004 with actual knowledge that the individuals were not authorized to work in the U.S., defendants were able to depress the wages of their entire workforce, including plaintiffs, who were legally authorized to work in the U.S. Defendants' pattern of racketeering activity unlawfully expanded the labor pool available to EMC, which had the direct and proximate result of allowing EMC to depress plaintiffs' wages.

14. Plaintiffs anticipate obtaining further information that will be helpful to the Court through the course of discovery.

Dated: May 30, 2008
      New York, New York

Respectfully submitted,

O'DWYER & BERNSTIEN, LLP

Gary Silverman (GS9287)
Attorneys for Plaintiffs
52 Duane Street, 5th Floor
New York, NY 10007
(212) 571-7100